UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MARY F. JARRETT-JACKSON,

                Plaintiff,                    Case No.: 12-cv-11676
                                              Honorable Nancy G. Edmunds
          v.                        Magistrate Judge David R. Grand

MICHAEL ASTRUE,
Commissioner of Social Security
                    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [10] AND PLAINTIFF'S MOTION TO AMEND COMPLAINT [14]

**I.**      **RECOMMENDATION**

For the following reasons, the court recommends granting plaintiff's Motion to Amend her complaint [14], and denying defendant Commissioner's Motion to Dismiss [10] as moot.

**II.**      **REPORT**

On April 16, 2012, plaintiff Jarrett-Jackson filed a complaint in the district court in the above-captioned action.  In her original complaint, plaintiff challenged a decision by an administrative law judge ("ALJ") for the Social Security Administration denying her survivor benefits due to an alleged inaccurately calculated date of her own eligibility for retirement, which triggered a statutory set-off provision that otherwise would not have applied to her case. At the time she filed her complaint, her case was pending before the Appeals Council.  Since that time, the Appeals Council rendered an opinion, finding that despite the corrected retirement date, plaintiff is still not entitled to survivor benefits because she does not meet any of the exceptions to the regulation covering award of those benefits.  (Doc. # 10, Exh. 1 at 6 *citing* 20 C.F.R. § 404.363(b)).  On July 23, 2012, the Commissioner filed a motion to dismiss, arguing that since

plaintiff's complaint does not challenge the Appeals Council's final decision on the matter, her complaint must be dismissed for lack of jurisdiction.  On September 5, 2012, plaintiff filed a response to that motion and filed an accompanying motion to amend her complaint to clarify that she was challenging the Commissioner's final decision that she did not qualify for benefits [14].  The Commissioner did not file a response to the Motion to Amend.

For the reasons set forth below, the court recommends that plaintiff's Motion to Amend be granted, and the Commissioner's Motion to Dismiss plaintiff's original complaint be denied as moot.

### A.      Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its complaint by leave of the court, and leave to amend "shall be freely given when justice so requires."  Rule 15 sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits."  *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (internal quotations omitted).  Leave to amend should only be denied where "the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011).

Here, plaintiff's request to amend her complaint comes after, and in response to, a final decision from the Appeals Council and motion to dismiss by defendant.  There is no indication that it is made in bad faith or for dilatory purposes, or that it would result in undue delay.  The Commissioner's lack of opposition to the motion also suggests that he would not be prejudiced by allowing the amended complaint to stand.[1]  Finally, the court does not, at least at this

---

[1] While there may have been a question regarding the timing of plaintiff's motion to amend – having been filed more than 60 days after the entry of the Commissioner's final decision – this issue has been waived.  *See Walton v. Halter*, 243 F.3d 703, 705 (3rd Cir. 2001) (noting that

juncture, view this amendment as futile, as it purports to challenge the ultimate reasoning behind the Appeals Council's final decision. Thus, the court recommends granting plaintiff's motion to amend.

### B.   Motion to Dismiss

Because the court recommends granting plaintiff's request to amend her complaint, the Commissioner's Motion to Dismiss plaintiff's original complaint is moot, and should be denied as such.

### C.   Conclusion

For the foregoing reasons, the court RECOMMENDS that plaintiff's Motion to Amend [14] be GRANTED, and that the Commissioner's Motion to Dismiss [10] be DENIED as moot.

Dated: October 12, 2012                          s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                 United States Magistrate Judge

### <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this

---

"'[t]he 60-day requirement [in 42 U.S.C. §405(g)] is not jurisdictional…[and is only] a period of limitations'" which can be waived) (quoting *Bowen v. City of New York*, 476 U.S. 467, 478 (1986)).

Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A

party may respond to another party's objections within 14 days after being served with a copy.

*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the objections.


### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on October 12, 2012.

<u>s/Felicia M. Moses</u>
FELICIA M. MOSES
Case Manager

4